UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHN FOX,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　Respondent. | Case No. 1:13-cv-01972-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 9), DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on December 2, 2013.  Petitioner filed opposition to the motion on August 4, 2014.  Respondent filed a reply on September 10, 2014.

　　　Respondent raises two grounds for dismissal:  1) the petition is successive; and 2) the petition was untimely filed.  As described below, the Court finds that the petition is successive and

1

therefore, this Court is without subject matter jurisdiction to proceed on the petition. Accordingly, only the first ground will be addressed.

I. Background

Petitioner alleges that he is serving a sentence of life without the possibility of parole imposed in the Fresno County Superior Court in 2005 for multiple convictions of murder. (Pet., doc. 1, 1.) In the petition, Petitioner challenges his convictions based on the ineffective assistance of trial counsel, denial of due process of law at the sentencing proceeding, and imposition of an excessive, cruel, and unusual punishment in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Pet., doc. 1, 1-24.)

However, the present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

In Fox v. Knowles, case number 1:08-cv-00290-DMS-RBB, on August 21, 2009, the Court denied on the merits Petitioner's petition for writ of habeas corpus that challenged Petitioner's Fresno County convictions of murder, and judgment was entered. (Docs. 19-20.) Petitioner did not file an appeal from the judgment.

II. Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v.

2

1 Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002,
2 1004 (9th Cir. 1999).
3     Under the AEDPA, a federal court must dismiss a second or
4 successive petition that raises the same grounds as a prior
5 petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a
6 second or successive petition raising a new ground concerning the
7 same judgment unless the petitioner can show that 1) the claim rests
8 on a new, retroactive, constitutional right or 2) the factual basis
9 of the claim was not previously discoverable through due diligence,
10 and the new facts establish by clear and convincing evidence that
11 but for the constitutional error, no reasonable factfinder would
12 have found the applicant guilty of the underlying offense. 28
13 U.S.C. § 2244(b)(2)(A)-(B).
14     However, it is not the district court that decides whether a
15 second or successive petition meets these requirements, which allow
16 a petitioner to file a second or successive petition. Section
17 2244(b))3)(A) provides, "Before a second or successive application
18 permitted by this section is filed in the district court, the
19 applicant shall move in the appropriate court of appeals for an
20 order authorizing the district court to consider the application."
21 In other words, a petitioner must obtain leave from the Ninth
22 Circuit before he or she can file a second or successive petition in
23 the district court. See, Felker v. Turpin, 518 U.S. 651, 656-57
24 (1996). This Court must dismiss any claim presented in a second or
25 successive habeas corpus application under section 2254 that was
26 presented in a prior application unless the Court of Appeals has
27 already given Petitioner leave to file the petition. 28 U.S.C.
28 § 2244(b)(1). This limitation has been characterized as

jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected a claim, or determined that an underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Fresno County judgment was denied on the merits. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the convictions. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from the conviction under section 2254 and must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.

Accordingly, it will be recommended that Respondent's motion to dismiss the petition as successive be granted, and the petition be dismissed for lack of subject matter jurisdiction.

III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of

4

appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

**IV. Recommendations**

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED as successive; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close this action because the dismissal terminates the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 1, 2014**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

6